UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MALIBU BOATS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-15-TAV-HBG |
| | ) | |
| SKIER'S CHOICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

| | | |
|---|---|---|
| MALIBU BOATS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-225-TAV-HBG |
| | ) | |
| SKIER'S CHOICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of Referral [Doc. 71] by the District Judge.

Now before the Court is Defendant's Motion to Consolidate Cases and Continue All Unexpired Deadlines and Trial by Six Months [Doc. 50]. A similar motion was filed in the related case, *Malibu Boats v. Skier's Choice, LLC*, No. 3:19-cv-225 [Doc. 10]. The District Judge referred both motions to the undersigned and stayed both cases pending resolution of the Motions. Accordingly, the Court finds the instant Motion [**Doc. 50**] well taken, and it is **GRANTED**.

1

I.   **BACKGROUND**

The parties are involved in two lawsuits, *Malibu Boats, LLC v. Skier's Choice, Inc.*, No. 3:18-cv-15 ("*Skier's Choice I*") and *Malibu Boats, LLC v. Skier's Choice, Inc.*, No. 3:19-cv-225 ("*Skier's Choice II*"). Both lawsuits allege that Defendant infringed on Plaintiff's patents.

Specifically, in *Skier's Choice I*, the Complaint was filed on January 12, 2018, and alleges infringement of three patents relating to Plaintiff's wake surf technologies, including U.S. Patent No. 9,260,161 ("the '161 Patent," titled "Surf Wake System for a Watercraft"), U.S. Patent No. 8,578,873 ("the '873 Patent," titled "Surf Wake System for a Watercraft"), and U.S. Patent No. 9,199,695 ("the '695 Patent," titled "Surf Wake System for a Watercraft" ). [Doc. 1 at ¶ 1]. The undersigned presided over a *Markman* hearing and issued a Report and Recommendation on the construction of the disputed terms. [Doc. 58]. The case was stayed, pending a decision on consolidation.

The Complaint in *Skier's Choice II* was filed on June 19, 2019, and alleges that Defendant infringed on U.S. Patent No. 10,322,777 ("the '777 Patent"). The '777 Patent is titled "Surf Wake System for a Watercraft." [Doc. 1 at ¶ 18]. The '777 Patent is part of Plaintiff's wake surf technology and allows users to surf on either side of the boat's wake at the push of the button. [Doc. 1 at ¶ 2]. A scheduling order has not been entered in this case.

Defendant now moves to consolidate the above actions.

II.  **POSITIONS OF THE PARTIES**

Defendant requests [Doc. 50] pursuant to Federal Rule of Civil Procedure 42 that the two cases be consolidated in order to promote efficiency, judicial economy, and to conserve the parties' resources. Defendant states that the specification of the '777 Patent is nearly identical to those of the '873 Patent and '161 Patent and that the claims of the '777 Patent concern boats with surf

systems. Defendant asserts that both lawsuits concern the same parties, the same accused devices, the same patent family, and very similar patent claims. Defendant states that consolidation is appropriate under Rule 42. Defendant claims that Plaintiff will not be materially prejudiced by any delay due to consolidating the matters because Plaintiff has not sought a preliminary injunction. Further, Defendant states that Plaintiff caused a delay when it failed to pay the issuance fee immediately for the '777 Patent. Finally, Defendant argues that the Court should continue the current deadlines to allow time for claim construction of the '777 Patent.

Plaintiff asserts [Doc. 52] that there are no benefits to consolidation and that consolidation will cause prejudice. Plaintiff states that instead, the Court should issue an order to ensure the efficient use of discovery between the two cases. Plaintiff argues that Defendant has not met its burden for consolidation pursuant to Rule 42. Specifically, Plaintiff states that Defendant has not established a common question of law or fact. Plaintiff argues that even if a common question or fact were present, the factors announced in *Cantrell v. GAF Corp.*, 999 F.2d 1007 (6th Cir. 1993) do not support consolidation. Plaintiff states that there is no risk of inconsistent adjudications of factual and legal issues and that separate proceedings will not burden the parties, witnesses, or judicial resources. Plaintiff maintains that it would be unduly prejudiced from any delay as a result of the consolidation. Finally, Plaintiff argues that consolidation will not reduce the parties' expenses with respect to litigating this matter.

Defendant filed a Reply [Doc. 57], arguing that the lawsuits share common questions of law and fact. Defendant states that the crux of Plaintiff's position against consolidation is that the cases are at different procedural postures. Defendant disagrees and argues that cases at different stages of litigation are routinely consolidated. Defendant states that the specific risks of prejudice and possible confusion do not outweigh the risks of inconsistent adjudications of common factual

3

and legal issues. Further, Defendant states that proceeding with two separate suits places an unnecessary and significant burden on the parties, witnesses, and the Court. Defendant states that a continuance will not prejudice Plaintiff and that the expense of multiple trials is significant.

## III. ANALYSIS

The Court has carefully considered the parties' positions, and the Court hereby **GRANTS** Defendant's Motion [Doc. 50].

Both parties acknowledge that consolidation is governed under Rule 42(a). Rule 42(a) provides as follows:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> (1) Join for hearing or trial any or all matters at issue in the actions;
>
> (2) Consolidate the actions; or
>
> (3) Issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). The decision to consolidate is within the court's discretion. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). In determining whether consolidation is appropriate, the Sixth Circuit has directed courts to consider the following factors:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492 (11th Cir. 1985)) (other quotations omitted). The Sixth Circuit has further instructed courts as follows:

> Thus, the decision to consolidate is one that must be made thoughtfully, with specific reference to the factors identified above.

> Care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage. Conversation of judicial resources is a laudable goal. However, if the savings to the judicial system are slight, the risk of prejudice to a party must be viewed with even greater scrutiny.

*Id.* at 1011.

With the above analysis in mind, the Court turns to the parties' arguments and the above factors. As an initial matter, the Court would be remiss if it did not acknowledge the similarities of the two cases—each case involves whether Defendant's Supra and Moomba line of boats infringe on Plaintiff's wake surf technology. Despite the similarities, Rule 42(a) provides that there must be a common *question* of law and fact. The Court finds that the cases involve common questions of law and facts appropriate for consolidation.

While there are a number of Patents in dispute, the '777 Patent is a continuation of the patents involved in *Skier's Choice I*. Defendant has outlined a number of common questions of law and fact, *see* [Doc. 57]. For instance, how Defendant's surf systems function and whether Defendant copied Plaintiff's patented technology are common questions. In addition, in both suits, Plaintiff has alleged entitlement to lost profits and royalties. As Defendant argues, the patents share common inventors and claim priority to the same underlying application. Further, as Defendant points out, it has raised virtually identical counterclaims in both lawsuits and alleged invalidity on similar grounds. More importantly, while the claim language is different, the theory of infringement is the same. As Defendant argues, both cases involve whether Plaintiff's patent claims cover devices that deploy downwardly on a horizontal axis. *See Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1310 (D. Del. 1981) (consolidating the actions when the patents all can be traced to a common disclosure and the validity of these patents may depend in large part on the court's ruling as to the adequacy of that specification).

Plaintiff argues that the Court has presided over several of its lawsuits filed against other boat manufacturers, and the Court did not consolidate such actions or reach any inconsistent results. In the cases cited, however, the parties did not request consolidation and the cases settled prior to trial. Accordingly, the Court finds that the risk of inconsistent adjudications of common issues of law and fact weigh in favor of consolidating the above actions.

The Court has also considered the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits. These factors weigh in favor of consolidation. The parties and judicial officers are both the same in each lawsuit. *Otter Prod., LLC v. Treefrog Developments, Inc.,* No. 11-CV-02180-WJM-KMT, 2013 WL 490964, at *2 (D. Colo. Feb. 7, 2013) (explaining that considerations of judicial economy weigh in favor when the parties and judicial officers are the same and the procedural posture of the two cases is not so extreme as to foreclose consolidation). The Court agrees with Defendant in that bifurcated proceedings will force witnesses to provide the same testimony in two separate suits, force the Court to hear and adjudicate the same issues in two separate suits, and force a second jury to adjudicate what could be adjudicated in a single trial.

In a similar vein, the Court has considered the procedural posture of these cases. As mentioned above, *Skier's Choice I* was filed in January 2018, while *Skier's Choice II* was filed approximately seventeen months later in June 2019. In *Skier's Choice I*, the parties have taken depositions, exchanged documents, and attended a *Markman* hearing on the disputed claims. The Court does not find that such activities preclude consolidation in this case where the parties have not completed discovery. *See* [Doc. 65] (requesting a continuance of the expert disclosures deadlines prior to the Court issuing a stay). While the undersigned has already entered a Report and Recommendation in *Skier's Choice I*, the District Judge has not ruled on the undersigned's

recommendation. As both parties acknowledge, the specification of the '777 Patent is similar to that of the '873, '161, and '695 Patents, and therefore, claim construction on all disputed terms can be adjudicated in one order or in an expedited fashion.

Plaintiff has cited to the undersigned's decision in *Hemingway v. Jacobs Eng'g Grp., Inc.,* No. 3:17-CV-547-TAV-HBG, 2018 WL 934860, at *1 (E.D. Tenn. Feb. 16, 2018), in support of its position. In *Hemingway*, however, plaintiff sought to consolidate his case with a group of cases that had already been consolidated. *Id.* at *1. The Court denied plaintiff's request because discovery, including expert discovery, had already closed in the consolidated cases and consolidation would disrupt the progress the consolidated cases had reached. *Id.* at *2. Here, the discovery deadline had not expired prior to the stay and the parties had not exchanged expert disclosures. Accordingly, the Court finds that the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits weigh in favor of consolidation.

Further, the Court has also considered the length of time required to conclude multiple suits as a single one and the relative expense to all. Plaintiff argues that a delay will cause it prejudice because Defendant has refused to enter into a licensing agreement and consolidation would result in a trial continuance. Given that much discovery has been exchanged, the Court finds that the parties can litigate these cases on an expedited basis, resulting in a brief trial continuance. With respect to Defendant's refusal to enter into a licensing agreement, this argument goes to the merits of the case, which has not been litigated. The Court finds that the length of time and the relative expense favor consolidation.

## IV. CONCLUSION

Accordingly, for the reasons explained above, the Court hereby **GRANTS** Defendant's Motion to Consolidate Cases and Continue All Unexpired Deadlines and Trial by Sixth Months

[**Doc. 50**]. Because it is the first-filed of the two cases, it is **ORDERED** that *Malibu Boats, LLC v. Skier's Choice,* 3:18-CV-15 **SHALL SERVE** as the lead case for purposes of this consolidation, and all future filings shall *only* be made in *Malibu Boats, LLC v. Skier's Choice,* 3:18-CV-15. Finally, the Court **ORDERS** the parties to file a joint status report on or before **December 13, 2019**, proposing new deadlines in this matter.

    **IT IS SO ORDERED.**

    ENTER:

    _____
    United States Magistrate Judge